IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Criminal Case No. 1:23-cr-00266-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVIER MADRIGAL,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO MODIFY RELEASE
CONDITIONS (DKT. 25), WITHOUT PREJUDICE

---

This matter is before the Court on referral of Defendant Javier Madrigal's Motion to Modify Release Conditions, Dkt. 25. The Government filed a Response opposing the Motion (Dkt. 28) and a clarification to its Response (Dkt. 26) to correct a factual error. The Court has carefully considered these filings, matters from the docket, and relevant law. No hearing is necessary.

## BACKGROUND

Mr. Madrigal was indicted on one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); and one count of possession of ammunition by a prohibited person in violation of 18 U.S.C. §

1

922(g)(1). The statutory presumption of detention under 18 U.S.C. § 3142(e)(3) applies.

During the June 22, 2023 Detention Hearing, the Government did not seek Mr. Madrigal's detention. Pretrial Services, however, recommended that Mr. Madrigal be detained. Because the Government did not seek detention, the Court released Mr. Madrigal but placed him on a combination of conditions to reasonably assure his attendance as required and the safety of the community. Relevant here, those conditions included Mr. Madrigal's home detention, GPS location monitoring, and his actively seeking employment. Dkt. 16 at pp.2 and 3. The home-detention condition restricts Mr. Madrigal to his residence "at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer[.]" *Id.* at p.2. Mr. Madrigal was released on June 23, 2023. He filed his Motion seeking modifications to his release conditions on August 1, 2023.

Mr. Madrigal now seeks to modify the conditions of his release to allow him to utilize his local recreation center's gym and exercise facilities to maintain his physical and mental health during the pendency of his case. His Motion argues, in relevant part:

> Mr. Madrigal is 22 years old. He resides in a two-bedroom apartment with his parents and brother on the fourth floor of a high-rise complex. While on release, he has had no access to the outdoors on a routine basis. Although he appreciates the opportunity granted by the Court to spend time with his family, he has struggled with the limited movement permitted on home detention. With no outdoor recreation time, it is arguably more restrictive than some custody locations.

Dkt. 25 at p.3. Mr. Madrigal has consulted with his supervising officer about using the gym but was told the gym is considered leisure activity which is discretionary. The Motion also relays that Mr. Madrigal would like to find employment, but he has "been directed to apply online, which has proven difficult for unskilled positions." *Id.*

The Government opposes the Motion. It argues that Mr. Madrigal has been on home detention for less than two months and that "[t]his brief amount of time of supervision is an insufficient time to establish an adequate baseline of compliance." Dkt. 28 pp.2-3. It further argues to the extent Mr. Madrigal is having difficulty finding employment online, "the solution is not to approve leisure time at the recreation center, but rather for the defendant to work with his supervising pretrial officer to receive approval to job search in-person, so that he can obtain employment." *Id.* at p.2. The Government contends Mr. Madrigal "has simply not been supervised long enough to establish a sufficient record to justify his request. He is not employed. . . . If the defendant can demonstrate a period of compliance, including compliance with employment[,] the defendant can renew this request with his pretrial officer, who has the discretion to approve leisure activities." *Id.*

3

## ANALYSIS

Mr. Madrigal seeks a modification of his conditions of release under 18 U.S.C. § 3142(c)(3) of the Bail Reform Act, which provides "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." Whether or how to modify a defendant's conditions of release is within the trial court's discretion. *See United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir. 1979) (noting the "broad grant of discretionary power" under the Bail Reform Act to modify conditions of release); *United States v. Cook*, 428 F.2d 460, 461 (5th Cir. 1970) ("the conditions of the bail are left to the discretion of the issuing authority"). In exercising that discretion, the Court considers whether the proposed modifications sought by Defendant would continue to reasonably assure his appearance as required, and reasonably assure the safety of the community. 18 U.S.C. § 3142(c).

Based on the record currently before the Court, the Court finds the proposed modification is insufficient to continue to provide those reasonable assurances required by § 3142 of the Bail Reform Act. First, as the Government points out, Mr. Madrigal has only been on release for less than two months. During that time, he has not obtained employment—a condition of his release—and he has not established to the Court's satisfaction that he has actively sought employment. The Court understands that seeking employment online for unskilled positions may be difficult, but there is no indication Mr. Madrigal has sought approval from his supervising officer to search for jobs in person. Seeking such approval, and obtaining employment,

4

would do much to demonstrate to the Court that Mr. Madrigal is taking seriously his obligation to comply with all conditions of his release, and obtaining employment would be another approved way to absent himself from the apartment on a routine basis.

Second, Mr. Madrigal's contention that gym-center staff would monitor his activities while onsite is unfounded. Nor is this a responsibility of gym-center staff. Pretrial services, who does have that responsibility, would not be able to monitor Mr. Madrigal's interactions with others inside the gym during that time. And considering the nature of the alleged offenses charged in this case and the statutory presumption of detention under § 3142(e)(3), the Court is not convinced that, at this early stage of his pretrial release, affording Mr. Madrigal the proposed recreation time aids in reasonably assuring his appearance as required or the safety of the community.

The Court acknowledges that Mr. Madrigal has largely complied with the conditions of his release, and the Court commends him for it. But Mr. Madrigal has only been under these conditions for less than two months. As the Government suggests, his ability to demonstrate a longer period of compliance, to include his obligation to actively seek and obtain employment, may aid a future renewed request for discretionary recreation time. But on the current record, the Motion to Modify is DENIED, WITHOUT PREJUDICE.

The Parties are ADVISED of their right to file objections to this Order within 14 days pursuant to Fed. R. Crim. P. 59(a).

DATED:   August 11, 2023

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge

6